LEONARD BREWER & another *vs*. SIDNEY CROSBY.

The remedy given by the Rev. Sts. *c.* 58, § 13, to " any person injured " by a dog against its owner or keeper includes injuries to property.

A defendant who testifies in his own favor may be proved to have told the plaintiff that if he prosecuted this suit the defendant would prove as bad a fellow as report said he was.

ACTION OF TORT to recover damages for injuries done to the plaintiffs' sheep by the defendant's dog, under the Rev. Sts. *c.* 58, § 13, which provide that " every owner or keeper of any dog shall forfeit to any person injured by such dog double the amount of the damage sustained by him, to be recovered in an action of trespass."

At the trial in the court of common pleas, before *Briggs*, J., the defendant contended that this section applied to injuries done to the person only, and that this action could not be maintained. But the judge ruled otherwise.

The defendant testified in his own favor, and was asked on cross-examination if he " ever told one of the plaintiffs that if he prosecuted this suit the defendant would prove as bad a fellow as report said he was." The defendant's counsel objected to this question as irrelevant, but the judge allowed the question as proper on cross-examination, and the defendant testified that he never said so. Said plaintiff was then allowed to testify, in contradiction of the defendant, that the latter did tell him so. Afterwards the plaintiffs were allowed, against the defendant's objection, to withdraw this evidence. The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*M. Wilcox*, for the defendant.

*J. E. Field*, for the plaintiffs.

BY THE COURT. 1. The *St.* of 1798, *c.* 54, § 3, (of which the statute counted upon is a reënactment,) expressly made liable the owner or keeper of any dog for " any damage " done by the dog " either to the person or the property of any person." In the Rev. Sts. *c.* 58, § 13, the term " any person " is used in its

broadest sense, as "anybody," "any human being," and not in contrast to property, as in the words "person or property" in the former statute. The object of the legislature who revised this statute was to shorten its language as much as was consistent with leaving it intelligible, and not to limit its application. It was so held by this court in *M'Carthy* v. *Guild*, 12 Met. 292. It is true that that case was of damage to the person; but it was damage not to the person of the plaintiff, but of an infant to whose services the plaintiff was entitled and for whose expenses he was responsible. It stood upon the same ground as if it had been an injury to his property.

2. Parties being introduced as witnesses must be liable to be fully and thoroughly cross-examined. The testimony introduced by the plaintiffs in reply was not for the mere purpose of contradiction, but to show the defendant's temper and disposition towards that plaintiff who had testified, and was therefore competent; and whether withdrawn or not, the defendant sustained no injury. *Exceptions overruled.*